Lin v. Sessions

BIA
Hom, IJ
A205 722 838

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

LI JIE LIN, AKA LI LIN,
AKA LIJIE LIU,
> *Petitioner,*

v.                                                    16-3290
                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Li Jie Lin, *pro se*, Alhambra, CA.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Emily Anne
                         Radford, Assistant Director; Brett
                         F. Kinney, Trial Attorney; Laura
                         M. Cover, Law Clerk, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Jie Lin, a native and citizen of the People's Republic of China, seeks review of an August 31, 2016 decision of the BIA affirming a January 26, 2015 decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Jie Lin,* No. A 205 722 838 (B.I.A. Aug. 31, 2016), *aff'g* No. A 205 722 838 (Immig. Ct. N.Y. City Jan. 26, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Denial of a Continuance or Remand to Obtain Evidence

We review an IJ's denial of a continuance and the BIA's denial of remand for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006)(per curiam) (continuance); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (remand). "An abuse of discretion may be found . . . where the [agency's] decision provides no rational explanation, inexplicably departs from

established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). An IJ may grant a continuance for "good cause shown." 8 C.F.R. § 1003.29. "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).

We also review for abuse of discretion an agency's enforcement of filing deadlines for the submission of evidence. *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008). As with calendaring, an IJ, like a district judge, has broad discretion to set and enforce filing deadlines. *Id.* at 192. The agency's rules provide that "[i]f an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c).

Under the abuse of discretion standard, Lin's challenges to the denial of a continuance and remand fail. On November

3

22, 2013, the IJ informed Lin and his counsel that evidence was due on February 3, 2014, giving Lin two months to collect it. Lin did not request an extension before the deadline. A month after the deadline had passed, and less than a week before the March 18, 2014 merits hearing, Lin moved for a change of venue or, alternatively, a continuance, citing his counsel's schedule. Lin's request for a continuance did not suggest that any documentation he sought would have been unavailable to him by the deadline had he sought it in a timely fashion. Further, although Lin's new counsel requested a continuance at the merits hearing, emphasizing that he had been retained the day before, Lin had been on notice of the hearing date and document submission deadline for over two months. In the absence of good cause for the delay, the IJ did not abuse his discretion by declining to continue the case and the BIA reasonably declined to remand the case. *See* 8 C.F.R. § 1003.29; *Morgan*, 445 F.3d at 553. Moreover, Lin waived his opportunity to file evidence by not submitting it by February 3 and the agency did not abuse its discretion by enforcing that deadline. *See* 8 C.F.R. § 1003.31(c); *Dedji*, 525 F.3d at 192.

Lin's remaining arguments on this point are meritless.

4

His attorney at the initial hearing consented to the March 2014 hearing date. And his arguments that his first attorney failed to advise him regarding document collection is unsuccessful because he did not raise, or comply with the procedural requirements for, an ineffective assistance of counsel claim. *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005).

## II. Merits

Under the circumstances of this case, we review the decisions of both the IJ and BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

There is no error in the agency's conclusion that Lin failed to meet his burden of proof. Although "consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be

5

provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). Lin did not document his alleged arrests and detentions in China, country conditions in China, or his continuing practice of Christianity in the United States, and, thus, as discussed briefly below, he did not meet his burden to establish either past persecution or a well-founded fear of future persecution.

**Past Persecution**

To satisfy his burden regarding past persecution, Lin had to show both that events occurred and that they rose to the level of persecution. He did neither. Persecution can consist of harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d

6

Cir. 2006); however, the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006). Not every incident of physical violence constitutes persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (per curiam) ("We have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*.").

Lin bore the burden to corroborate his asylum claim with reasonably available documentary evidence. As the agency found, Lin failed to corroborate his arrests, detention, the fines paid for his release, or the extent of any injuries. Lin does not dispute that—at a minimum—he could have obtained statements from his parents given that he claimed his mother was arrested with him and his father paid the fines for their release. The lack of corroboration made Lin unable to demonstrate that his arrests, beating, and detentions occurred or that they were sufficiently severe to rise to the level of persecution, as his application and testimony included no detail about the severity of any injuries. *See Beskovic*, 467 F.3d at 226 (holding that, although "the difference between harassment

7

and persecution is necessarily one of degree, the degree must be assessed with regard to the *context* in which the mistreatment occurs" (internal quotation marks omitted)). Accordingly, the evidence was not sufficient for Lin to meet his burden of establishing past persecution. *See Jian Qiu Liu*, 632 F.3d at 822 (upholding agency determination that harm was not sufficient to state a claim where injuries consisted of minor bruising which did not require formal medical attention); *Chuilu Liu*, 575 F.3d at 198 n.5 (reasoning that "a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof").

**Well-Founded Fear of Future Persecution**

Because he did not meet his burden of showing past persecution, Lin had the burden to demonstrate a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013)("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). As with his claim of

past harm, Lin presented no evidence to corroborate his claims that he would be singled out for persecution or that there was a pattern or practice of persecution of Christians in China. *See Y.C.*, 741 F.3d at 332 (discussing ways to demonstrate reasonableness of fear of future harm).

The IJ reasonably concluded that Lin failed to show a well-founded fear of future persecution. Lin testified that he might be arrested in China because of his practice of Christianity. However, he produced no evidence regarding the persecution of Christians in China or any proof that he continued to practice Christianity in the United States. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). The IJ also reasonably declined to credit Lin's explanation that his father had been unable to procure evidence of his alleged arrests because Lin's testimony was self-serving and not corroborated by a statement from his father. *Diallo*, 232 F.3d at 285. Instead, the IJ reasonably concluded that Lin's alleged fear of the police was speculative: the record does not establish that the Chinese police would single out Lin for persecution or that the authorities target Christians in Lin's home province. *See Jian Xing*

9

*Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record" a fear of persecution is not objectively reasonable and is "speculative at best."). Lin's failure to carry his burden with respect to fear of future persecution is dispositive of withholding of removal and CAT relief because both "entail a greater likelihood of future persecution than that required for the grant of asylum." *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court